IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD GARY,** | ) | Civil Action No. 7:15-cv-00116 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MIKE MONDUL**, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Charles Edward Gary, a Virginia inmate proceeding *pro se*, filed an complaint pursuant to 42 U.S.C. § 1983, naming as defendants Mike Mondul, Sheriff of the City of Danville; Chief Deputy Colonel Stephen A. Salmon; and Dr. Lawrence Wang, the physician at the Danville City Jail ("Jail"). Plantiff alleges in pertinent part that defendants failed to adequately treat Plaintiff's mental health needs, in violation of the Eighth Amendment of the United States Constitution. Presently before me is defendants' motion to dismiss. Plaintiff has filed a response to the motion, and this matter is ripe for disposition. Upon consideration of this action, I conclude that defendants' motion to dismiss must be granted.[1]

## I.

Plaintiff alleges the following facts about his stay at the Jail. In January 2014, he filed two medical requests forms with the medical department, asking for an appointment with a mental health specialist. In February 2014, Dr. Wang prescribed 75 milligrams of Elavil to treat Plaintiff for depression and pain. On May 9, 2014, a state court judge ordered that plaintiff be examined to determine his competency to stand trial, pursuant to Virginia Code § 19.2-169.1.[2] The evaluation was conducted by a private doctor, Dr. Nelson, who determined that Plaintiff

---

[1] I will also grant defendants' motion for waiver of oral argument. Fed. R. Civ. P. 78(b).
[2] Under Virginia Code § 19.2-169.7, Plainitff's statements to the examiner could be used as evidence only of his mental status at the time of the offense, which was more than two years earlier in March 2012. (Pl.'s Resp. to Def.s' Mot. to Dismiss, Ex. A at 2.)

suffered from Post-traumatic Stress Disorder and had a history consistent with maladaptive personality traits. Allegedly, Dr. Nelson recommended that Plaintiff receive "therapy," and Plaintiff filed "several" requests with Jail staff between January 2014 and February 2015 in order to see a mental health specialist. However, Jail staff continues to tell Plaintiff that "the mental health person comes on Thursday, and your name will be placed on the list to be seen[,]" even though a state court judge ordered that Plaintiff receive mental health treatment as part of his criminal sentence starting on September 2, 2014.

In November 2014, Plaintiff asked Dr. Wang to increase his Elavil prescription from 75 to 150 milligrams per day because Plaintiff felt 75 miligrams "were no longer effective." Dr. Wang granted the request and increased the dosage of Elavil. However, Plaintiff is not sure if he is now addicted to Elavil or if he is still in pain, and consequently, he believes the prescription should have been monitored by a mental health specialist.

Plaintiff believes Dr. Wang is liable as the supervisor of the Jail's medical department, where Plaintiff sent his requests for a mental health specialist, and because Plaintiff assumes Dr. Wang failed to ensure that Plaintiff receive the "necessary" mental health treatment "required by law." Plaintiff believes Chief Deputy Salmon prevents Plaintiff from receiving mental health treatment at the Jail. Plaintiff seeks compensatory damages from all three defendants.

## II.

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is

plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court is not required to "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

### III.

I conclude that Plaintiff fails to state a claim upon which relief may be granted, and I will grant defendants' motion to dismiss. To state an Eighth Amendment claim about medical care, Plaintiff had to sufficiently demonstrate that a defendant was deliberately indifferent to a serious medical need without relying on buzzwords, labels, and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). However, Plaintiff fails to describe how a defendant was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk, whether by actual intent or reckless disregard. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *Estelle*, 429 U.S. at 104; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). Nothing in the record suggests that Dr. Wang's care was "so grossly incompetent, inadequate, or excessive as to shock

3

the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. That is a "very high standard" that Plaintiff cannot overcome. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Plaintiff's reliance on Chief Deputy Salmon's affidavit filed in Plaintiff's unrelated case in this court, *Gary v. Mondul*, No. 7:14-cv-00103, to show deliberate indifference is misplaced. In the affidavit dated July 31, 2014, Salmon averred, "As Chief Deputy, I have access to all records regarding [Plaintiff]'s confinement to the Danville City Jail . . ., which include, without limitation, Plaintiff's medical records, booking documents, and grievances. I reviewed such records in connection with the preparation of this Declaration." (Pl.'s Resp. to Defs.' Mot. to Dismiss, Ex. D at ¶ 2.) Based on Plaintiff's allegations, Salmon would have seen, among many other unrelated documents: two of Plaintiff's medical requests from January 2014 to receive an appointment with a mental health specialist; Dr. Wang's prescription in February 2014 to treat, *inter alia*, Plaintiff's depression; and a state court's order for a psychological competency evaluation to determine Plaintiff's mental status at a specific time more than two years earlier. None of these documents—even if they could be properly considered on a motion to dismiss— would have alerted Chief Deputy Salmon to a medical need to meet with a mental health specialist that was serious, in light of Plaintiff's ongoing treatment with Dr. Wang.

Plaintiff fails to sufficiently allege how Sheriff Mondul or Chief Deputy Salmon were personally involved with a denial of treatment, deliberately interfered with medical treatment, or tacitly authorized or were deliberately indifferent to medical misconduct a lay person would find to be deliberate indifference. *Miltier*, 896 F.2d at 854. Plaintiff cannot seek damages from defendants via § 1983 under a theory of *respondeat superior*, and he fails to show their

4

deliberate indifference. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978); *Fisher v. Washington Area Transit Auth.*, 690 F.2d 1133, 1142 (4th Cir. 1982); *cf. Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). His damages claims against Sheriff Mondul and Chief Deputy Colonel also cannot proceed because they are made against those Defendants in their official capacities, such that sovereign immunity applies. *Savage v. Cnty. of Stafford, Va.*, No. 109-CV-1328, 2010 WL 1873222, at *3 (E.D. Va. May 4, 2010) (compiling authorities). Plaintiff's conclusion that Sheriff Mondul and Chief Deputy Colonel must have known of his need for mental health treatment because Jail staff transported him to meet Dr. Nelson, who concluded that he needed "therapy," is unsupported and too tenuous to attribute deliberate indifference. Defendants' knowledge of Plaintiff's transportation to Dr. Nelson's office would not mean they had knowledge of Dr. Nelson's report, which was filed with a state court. And Plaintiff's complaints about his medical care from Dr. Wang amount to a question of medical judgment and mere disagreement with the course of treatment, which does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Viewing the complaint in the light most favorable to Plaintiff, it fails to state a claim against any defendant. Plaintiff has not alleged suffcent facts to show a defendant acted recklessly by disregarding a substantial risk of danger that is either known to that defendant or which would be apparent to a reasonable person in that defendant's position. *See, e.g.*, *Miltier*, 896 F.2d at 851-52. Moreover, Plaintiff's assertion that defendants violated various jail policies or state regulations does not itself provide an actionable claim via § 1983. *See, e.g.*, *United*

*States v. Caceres*, 440 U.S. 741, 752-55 (1978); *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990).

## IV.

For the reasons stated, I will grant defendants' motion to dismiss and motion for waiver of oral argument.

Entered this  3rd  day of November, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE